THIRD DIVISION
MAY 7, 2008

No. 1-07-1966

| | | |
|---|---|---|
| EDWARD T. JOYCE, Individually and on Behalf of Similarly-Situated Stockholders of 21st Century Telecom Group, Inc., | ) ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellant and Cross-Appellee, | ) ) | |
| v. | ) ) | No. 06 L 9189 |
| DLA PIPER RUDNICK GRAY CARY LLP, as Successor in Interest to Piper Marbury Rudnick and Wolfe LLP, | ) ) ) | The Honorable Robert L. Cepero, |
| Defendant-Appellee and Cross-Appellant. | ) | Judge Presiding. |

JUSTICE GREIMAN delivered the opinion of the court:

Plaintiff Edward Joyce, individually and on behalf of similarly situated stockholders of 21st Century Telecom Group, Inc. (21st Century), appeals from the trial court's order dismissing his amended legal malpractice complaint in favor of defendant DLA Piper Rudnick Gray Cary LLP pursuant to section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2006). In addition, defendant cross-appeals the trial court's order denying its motion to dismiss the original complaint pursuant to section 2-619 of the Code (735 ILCS 5/2-619 (West 2006)) based on the timeliness of that complaint in relation to a tolling agreement entered into by the parties.

According to plaintiff's complaint, the underlying action arose in December 1999 and resulted from a drafting error caused by defendant in a merger agreement between 21st Century and RCN. More specifically, 21st Century and RCN agreed to effectuate their merger on a "stock for stock basis," whereby the 21st Century stockholders would receive shares of RCN

common stock. The merging parties further agreed that 10% of the RCN common stock would be withheld for one year from the effective date of the merger as indemnification security and the stock remaining at the end of that period would be distributed to 21st Century stockholders. The 10% holdback was to be valued based on the price per share of stock at the end of the indemnity period; however, the agreement, which was executed by defendant, incorrectly reflected that the stock was to be valued based on the price per share of the stock on the date the merger agreement was executed. As a result of the error and the fact that the price per share dropped significantly during the one year indemnification period, RCN distributed over 5 million fewer shares to the 21st Century stockholders than required pursuant to the agreed valuation terms, amounting to a loss of more than $19 million.[1] The merger agreement specifically named plaintiff as "Shareholder Representative."

Plaintiff subsequently took action on behalf of himself and the 21st Century shareholders to recover the money lost due to defendant's drafting error. In that effort, plaintiff and Larry Ashby, an attorney representing the former 21st Century stockholders with respect to potential claims against RCN, contacted defendant; however, plaintiff and Ashby offered to withhold defendant's name from their forthcoming suit against RCN if defendant agreed to enter a tolling agreement with respect to the statute of limitations. Then, on December 5, 2001, plaintiff and

_____

[1]Because the price per share of RCN stock had dramatically fallen during the indemnity period, the total amount of shares that should have been issued out of the 10% holdback was far greater than the amount of shares issued at the higher price per share pursuant to the valuation error in the merger agreement.

defendant entered a tolling agreement related to potential claims arising out of the 1999 merger agreement between 21st Century and RCN, providing, in relevant part:

"1. The running of any statute of limitations applicable to any of the Potential Claims, whether arising under state or federal law, including any defense based upon the doctrine of laches or any similar defense based upon the lapse of time (collectively, the 'Statute of Limitations Defenses') is hereby tolled until such time as a lawsuit asserting any one or more of the Potential Claims against [defendant] is filed so long as such lawsuit is filed on behalf of one or more of the Potential Claimants, on or before December 31, 2002, and the Shareholder Representative delivers written notice to the undersigned representative of [defendant] of the filing of such lawsuit within three (3) business days after it is filed;

2. Without limiting the generality of any of the foregoing, [defendant] hereby waive[s] and agree[s] not to assert or attempt to avail [itself] of any Statute of Limitations Defenses based in whole or in part upon the passage of time occurring after the date of this Agreement in response to any lawsuit asserting any of the Potential Claims, provided such lawsuit is filed on behalf of one or more of the Potential Claimants, on or before December 31, 2002, and the Shareholder Representative delivers written notice to the undersigned representative of [defendant] of the filing of such lawsuit within three (3) business days after it is filed;

3. Except to the extent provided herein, this Agreement is without prejudice to the respective rights, claims and defenses of the parties hereto; and notwithstanding

anything to the contrary contained herein, it is specifically understood and agreed that any Statute of Limitations Defense or Defenses which [defendant] may have as of the date of this Agreement is preserved, and shall not be affected in any manner whatsoever by this Agreement, and may be asserted by [defendant] in response to or against any one or more of the Potential Claims;"

Thereafter, the parties agreed to amend the tolling agreement four times, altering only the date on which plaintiff was required to file suit against defendant. Accordingly, only paragraphs 1 and 2 were amended and with each amendment only the date was changed. On July 21, 2005, the parties entered the fifth and final amendment to the tolling agreement:

"1. Paragraph 1 of the Fourth Amendment is hereby superseded so that Paragraph 1 of the Tolling Agreement shall be replaced in its entirety by the following:

1. The running of any statute of limitations applicable to any of the Potential Claims, whether arising under state or federal law, including any defense based upon the doctrine of laches or any similar defense based upon the lapse of time (collectively, the 'Statute of Limitations Defenses') is hereby tolled until such time as a lawsuit asserting any one or more of the Potential Claims against [defendant] is filed so long as such lawsuit is filed on behalf of one or more of the Potential Claimants, on or before August 31, 2005, and the Shareholder Representative delivers written notice to the undersigned representative of [defendant] of the filing of such lawsuit within three (3) business days after it is filed;

1-07-1966

    2. Paragraph 2 of the Fourth Amendment is hereby superseded so that Paragraph 2 of the Tolling Agreement shall be replaced in its entirety by the following:

        2. Without limiting the generality of any of the foregoing, [defendant] hereby waive[s] and agree[s] not to assert or attempt to avail [itself] of any Statute of Limitations Defenses based in whole or in part upon the passage of time occurring after the date of this Agreement in response to any lawsuit asserting any of the Potential Claims, provided such lawsuit is filed on behalf of one or more of the Potential Claimants, on or before August 31, 2005, and the Shareholder Representative delivers written notice to the undersigned representative of [defendant] of the filing of such lawsuit within three (3) business days after it is filed."

Morever, the final amendment provided that "[i]n all other respects, the Tolling Agreement, the First Amendment, the Second Amendment, the Third Amendment and the Fourth Amendment shall remain in full force and effect."

    Plaintiff filed the underlying legal malpractice suit on August 30, 2006, nearly one year after the expiration of the tolling agreement, on behalf of himself and the putative class of 21st Century shareholders, alleging that defendant "owed the 21st Century Shareholders a duty of care arising from its attorney-client relationship with 21st Century, the purpose of which was to benefit the 21st Century Shareholders by advocating for and protecting their interests." Plaintiff further alleged that defendant breached its duty by failing to draft the merger agreement in accordance with the terms agreed to by 21st Century and RCN. In response to plaintiff's

complaint, defendant filed a motion to dismiss pursuant to section 2-619.1 of the Code based upon plaintiff's lack of standing to assert the claim where plaintiff was not defendant's client and plaintiff's failure to timely file the action. On January 3, 2007, the trial court granted defendant's motion to dismiss pursuant to section 2-615 of the Code, but granted plaintiff leave to amend his complaint. The court then denied defendant's motion to dismiss pursuant to section 2-619 of the Code, finding that plaintiff's complaint was timely based upon the parties' tolling agreement.

Plaintiff subsequently filed an amended complaint, arguing that defendant "owed the 21st Century Shareholders a duty of care arising from its attorney-client relationship with them and 21st Century, the direct, intended and primary purpose of which was to collectively benefit the 21st Century Shareholders by advocating and protecting their interest." Plaintiff claimed that defendant "breached the duty of care it owed to the 21st Century Shareholders in failing to draft the Agreement in accordance with the terms negotiated by [defendant] and 21st Century on their behalf and RCN." To support his allegation, plaintiff alleged that he and his business associate retained defendant "to represent, primarily, the interests of the 21st Century Shareholders in the [merger] negotiations" and further averred that, throughout that representation, defendant "acted at the direction of and on behalf of both 21st Century and its shareholders for the intended and primary benefit of the 21st Century Shareholders." In response, defendant filed a motion to dismiss plaintiff's amended complaint on the basis that plaintiff again failed to state a cause of action for legal malpractice. Defendant additionally filed a motion to reconsider or clarify the trial court's January 3, 2007, order finding plaintiff's complaint timely.

On May 8, 2007, a hearing was held on the pleadings and the trial court ultimately granted defendant's motion to dismiss, finding that plaintiff had not stated and could not state a claim for legal malpractice against defendant. Consequently, the trial court determined that defendant's motion to reconsider its January 3, 2007, order was moot. The trial court subsequently denied plaintiff's motion to reconsider its ruling. This timely appeal and cross-appeal followed.

We first address defendant's contention that the trial court erred in denying its section 2-619 motion to dismiss on the basis that plaintiff's complaint was timely. In particular, defendant argues that, according to the terms of the parties' tolling agreement, plaintiff was barred from filing his complaint because he did not file it within the allotted time frame. In other words, because plaintiff failed to satisfy the agreement's condition precedent, the statute of limitations and the statute of repose were not tolled and therefore barred the filing of the complaint. Although admitting that he did not file the underlying complaint within the fifth amendment's allotted time frame, plaintiff responds that his complaint was timely because each amendment agreed to by the parties created a new contract, thereby waiving the conditions precedent for the prior amendments and tolling the passage of time. Therefore, according to plaintiff, defendant could only assert the statute of limitations defenses based on the passage of time after the parties entered the fifth amendment. Consequently, plaintiff essentially argues that defendant's interpretation is equivalent to an accelerated statute of limitations period. We disagree.

A motion to dismiss, pursuant to section 2-619 of the Code, admits the legal sufficiency of the pleading, but asserts an affirmative defense or other matter that avoids or defeats the

plaintiff's complaint. DeLuna v. Burciaga, 223 Ill. 2d 49, 59 (2006). Because a section 2-619 motion to dismiss presents a question of law, we review this contention *de novo*. DeLuna, 223 Ill. 2d at 59.

We review the parties' tolling agreement in accordance with well-established contract principles. Joyce v. Mastri, 371 Ill. App. 3d 64, 74 (2007). The primary goal of contract interpretation is to give effect to the parties' intent by interpreting the contract as a whole and applying the plain and ordinary meaning to unambiguous terms. Joyce, 371 Ill. App. 3d at 74. We note that language in a contract is not rendered ambiguous simply because the parties disagree. Lavelle v. Dominick's Finer Foods, Inc., 227 Ill. App. 3d 764, 768 (1992). Moreover, a contract modified by the parties creates a "new single contract consisting of so many of the terms of the prior contract as the parties have not agreed to change, in addition to the new terms on which they have agreed." Schwinder v. Austin Bank of Chicago, 348 Ill. App. 3d 461, 469 (2004).

Plaintiff filed his initial complaint on August 30, 2006, alleging legal malpractice related to the December 1999 merger agreement. The parties entered the original tolling agreement on December 5, 2001, and amended it four times thereafter. The fifth and final amendment was entered on July 21, 2005, and extended the agreement until August 31, 2005. Paragraph 1 of the tolling agreement expressly provided that "the running of the statute of limitations applicable" for any timeliness defenses was "hereby tolled until such time as a lawsuit asserting any one or more of the Potential Claims against [defendant] is filed so long as such lawsuit is filed *** on or before" the agreed date in the original agreement and the amendments thereafter. Paragraph 2

of the agreement further provided that "[defendant] hereby waive[s] and agree[s] not to assert or avail [itself] of any Statute of Limitations Defenses based in whole or in part upon the passage of time occurring after the date of this Agreement in response to any lawsuit asserting any of the Potential Claims, provided such lawsuit is filed *** on or before" the agreed date in the original agreement and the amendments thereafter.  Moreover, Paragraph 3 of the agreement, which appeared in the original tolling agreement and was never amended, provided that "[e]xcept to the extent provided herein, *** it is specifically understood and agreed that any Statute of Limitations Defense or Defenses which [defendant] may have as of the date of this Agreement is preserved."

The clear, unequivocal language of paragraphs 1 and 2 of the fifth amendment demonstrate that defendant agreed to waive its potential timeliness defenses if plaintiff complied with the condition precedent and filed its complaint by the agreed date, namely, August 31, 2005.  Consequently, because plaintiff failed to comply with the condition precedent, defendant's potential timeliness defenses were not waived.  Moreover, reading the phrase "date of this Agreement" in relation to the whole agreement demonstrates that the phrase, which was repeated throughout the contract and not merely within the amended paragraphs, refers to December 5, 2001.  See Joyce, 371 Ill. App. 3d at 74.  Our conclusion is further supported by paragraph 3, which expressly preserved defendant's right to assert the timeliness defenses if plaintiff failed to file his complaint by the agreed date.  Accordingly, plaintiff's complaint was not timely.  See 735 ILCS 5/13-214.3(b), (c) (West 2006) (statutes of limitation and repose for legal malpractice actions).  Indeed, to accept plaintiff's argument would require this court to

allow plaintiff the benefits of the first four amendments without fulfilling the requirement of filing suit by the specified dates imposed by any of the amendments.

We are not persuaded by plaintiff's argument that each amendment created a separate, new contract rescinding the prior agreement; rather, each amendment merely modified those terms that differed from the prior agreement, yet did not alter the force and effect of the unaltered terms. See Schwinder, 348 Ill. App. 3d at 469. The modified term, namely, the requisite date for the condition precedent, was the only term altered in each amendment; therefore, the fifth amendment incorporated all prior amendments and the original agreement to the extent that the terms were the same and modified the requisite filing date for purposes of tolling. Notably, the fifth and final amendment demonstrates the parties' intent to that end, where the amendment expressly provides that paragraphs 1 and 2 superceded and replaced paragraphs 1 and 2 of the fourth amendment; however, "[i]n all other respects, the Tolling Agreement, the First Amendment, the Second Amendment, the Third Amendment and the Fourth Amendment shall remain in full force and effect." Consequently, plaintiff's argument that our interpretation would render the five amendments unenforceable for want of consideration lacks merit.

We further respectfully disagree with the trial court's determination that such an interpretation of the agreement is tantamount to a "due on sale" clause. Absent the agreement, plaintiff was required to comply with the applicable statutes of limitations and repose (see 735 ILCS 5/13-214.3 (West 2006)); however, because of the agreement, plaintiff had the benefit of pursuing his alleged claims against RCN and then the ability to pursue a timely claim against

1-07-1966

defendant by August 31, 2005, nearly four years after the natural passing of the statute of limitations.

We need not address plaintiff's contention that the trial court erred in dismissing his amended complaint where he stated a cause of action for legal malpractice because it is unnecessary to the disposition of this appeal. Moreover, this court may affirm the trial court's judgment on any basis available in the record. American Service Insurance Co. v. Pasalka, 363 Ill. App. 3d 385, 389-90 (2006).

Accordingly, we affirm the judgment of the circuit court dismissing plaintiff's complaint.

Affirmed.

QUINN, P.J., and CUNNINGHAM, J. concur.