THIRD DIVISION
March 24, 2010

No. 1-09-1218

| | | |
|---|---|---|
| THE CITY OF CHICAGO, | ) | Appeal from the Circuit Court |
| | ) | of Cook County, Illinois. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 08 CH 35885 |
| | ) | |
| FRATERNAL ORDER OF POLICE, LODGE | ) | |
| No. 7, | ) | Honorable Peter Flynn, |
| | ) | Judge Presiding. |
| Defendant-Appellee. | ) | |

PRESIDING JUSTICE MURPHY delivered the opinion of the court:

Defendant, Fraternal Order of Police, Lodge No. 7, filed a series of grievances against plaintiff, City of Chicago, regarding the involuntary transfer and detail of several detectives at the Juvenile Intervention Support Center (JISC) in March 2006. The arbitrator concluded that plaintiff breached provisions of the collective bargaining agreement (Agreement) between the parties in force from July 1, 2003, to June 30, 2007 - all times relevant to the instant matter. The arbitrator also remanded the matter on one issue for the parties to reach an agreement on the remedy.

The parties failed to reach an agreement and the arbitrator issued a supplemental opinion

and award. Plaintiff filed a petition to vacate the arbitrator's supplemental award and the parties filed cross-motions for summary judgment. On April 14, 2009, the trial court granted defendant's motion for summary judgment. On appeal, the parties do not dispute the findings of fact reached by the arbitrator. Plaintiff seeks a finding that the arbitrator's supplemental award is a punitive remedy not authorized by the Agreement and must be vacated. For the following reasons, we affirm the finding of the trial court and uphold the arbitrator's supplemental award.

## I. BACKGROUND

In March 2006, the JISC was established as an operating entity to employ a multidisciplinary approach to processing juvenile arrestees. Bids for six detective positions were posted in early 2006 and only one application was received. Therefore, on March 2, 2006, the resulting vacancies were filled by involuntary transfers of detectives pursuant to section 23.8 of the Agreement. Months later, plaintiff again posted detective positions for bids and again had to detail several detectives to the positions on June 22, 2006, to last until September 12, 2006. As these terms neared their end, plaintiff again posted bids and received only one application. On September 14, 2006, plaintiff involuntarily transferred detectives, who had been detailed on June 22, 2006, pursuant to section 23.8 of the Agreement. On January 4, 2007, plaintiff involuntarily detailed three more detectives to the JISC pursuant to section 23.11 of the Agreement.

The sections of the Agreement central to this case are as follows, in relevant part:

"Section 23.8 - Filling Recognized Vacancies

* * *

The Employer shall post a list of recognized vacancies, if any, stating the

2

requirements needed to fill the opening, at least 14 days before the start of the 28-day police period. A copy of such postings shall be given to the Lodge. Non-probationary officers within the same D-1 salary grade or D-2 job classification, within 72 hours of the time the list has been posted, may bid on a recognized vacancy in writing on a form to be supplied by the Employer. * * * During the bidding and selection process, the Employer may temporarily fill a recognized vacancy by assigning an officer to said vacancy until the recognized vacancy is filled.

* * *

When there are no qualified bidders, the Employer may fill the recognized vacancy within its discretion.

Section 23.9 - Filling Duty Assignments

* * *

**If the Employer violates this Section by improperly filling a recognized opening by not placing the opening up for bid, the affected officer(s) will be compensated at the rate of time and one-half in quarter hour increments until the violation is remedied. The Employer is granted the ability to remedy the violation without waiting until the next police period.**

**If the Employer violates this section by improperly selecting a bidder or improperly determining qualifications for a recognized opening, the affected officer(s) will be compensated at the rate of time and one-half in**

**quarter hour increments up to a maximum of fifty (50) hours of**

**compensatory time.**

\* \* \*

Section 23.11 - Details

\* \* \*

If the Employer assigns an officer to a detail or denies an officer(s) assignment to a detail in any manner contrary to the provisions of this Agreement, the affected officer(s) will be entitled to compensation at the rate of time and one-half in quarter hour increments for the duration of the detail. " (Emphasis in original.)

Defendant grieved plaintiff's involuntary transferring and detailing of its members to the JISC. Following a hearing, the arbitrator made several determinations and issued an extensive 65-page opinion and award on June 3, 2008. The first group of grievances relating to the March 2, 2006, transfers was denied in full. The second and fourth group of grievances relating to the June 22, 2006, and January 4, 2007, involuntary details were admitted by plaintiff to be meritorious. Accordingly, the arbitrator awarded the payment of time and one-half for the time worked under these details pursuant to the express terms of sections 23.9 and 23.11 of the Agreement. There is no dispute as to this determination and award for these grievances.

The final grievances relating to the September 14, 2006, involuntary transfers were sustained by the arbitrator as violating section 23.8 of the Agreement. The arbitrator determined that plaintiff abused its discretion in these transfers because it based the transfers on the

detectives' experience gained under their procedurally improper detail. In his extensive discussion and findings on this issue, the arbitrator first noted that he was constrained by the specific authority granted under section 9.7 of the Agreement and that he was required to find exclusive support for his decision from the terms and conditions of the Agreement. The arbitrator summarized the typical role and duties of an arbitrator and what level of remedial authority is vested in the arbitrator.

The arbitrator continued, detailing the differences between section 23.8 of the Agreement, which provides no specific language regarding a monetary remedy of penalty compensation, and sections 23.9 and 23.11, which provide the monetary remedy of time and one-half compensation for improper detail or improper filling unit duty assignments, respectively. Ultimately, the arbitrator stated that he stood "at the cusp on the remedy issue" and remanded the matter to the parties on the remedy issue for these violations. The arbitrator retained jurisdiction for 60 days in the event the parties continued at a stalemate so he could issue a supplemental award and "untie this 'Gordian knot.' "

After the parties requested a supplemental opinion and award, the arbitrator complied on July 1, 2008, granting the same monetary remedy of time and one-half pay for the violation of section 23.8. He noted the "time-honored rule" of contract interpretation that the mention of one thing is the exclusion of another, but found that applying it to section 23.8 would find the remedial power of the arbitrator intentionally limited by indirect negotiated language. The arbitrator concluded that it is not the legitimate province of the arbitrator to add language and the monetary penalty was proper. In addition, the arbitrator found that the request of some of the

grievants for special protections from being involuntarily transferred again would be an impermissible modification of the Agreement and was denied.

Plaintiff filed a petition to vacate the supplemental award in the circuit court. A hearing was held on the parties' cross-motions for summary judgment. The court agreed with the arbitrator that the Agreement did not provide clear guidance from the language of sections 23.8, 23.9 and 23.11, whether the parties intended for no remedy to attach to section 23.8. The court noted that the silence in section 23.8 presented a difficult case for the arbitrator and "the wonderful thing about silence is that you can construe silence either way depending on the situation." The court then reviewed the arbitrator's opinion and award and quoted several passages that it opined evidenced the arbitrator's logic in concluding a monetary remedy was proper for a violation of section 23.8.

Specifically, the trial court concluded that the arbitrator was not trying to legislate, but simply tried to faithfully interpret the Agreement. It found that the arbitrator properly relied on its finding that the Agreement lacked any specific provision that the parties intended no remedy to attach to section 23.8. With the lack of an explicit bar of a remedy and the negotiated provisions for remedies for similar violations, the arbitrator concluded that the same remedy was implicitly available for section 23.8 violations. Accordingly, the trial court opined the arbitrator's supplemental opinion and award was not patently outside the lines of the Agreement and defendant's motion for summary judgment was granted. This appeal followed.

## II. ANALYSIS

### A. Standard of Review

Summary judgment may be granted when the pleadings, depositions, admissions and affidavits on file demonstrate no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2004). The trial court is to view all evidence in a light most favorable to the nonmovant. *Norris v. National Union Fire Insurance Co.*, 326 Ill. App. 3d 314, 320 (2001). We review an order granting summary judgment *de novo*. *Big Sky Excavating, Inc. v. Illinois Bell Telephone Co.*, 217 Ill. 2d 221, 234 (2005).

As the issue before the trial court was the arbitrator's interpretation of the Agreement, we review the underlying arbitration award pursuant to section 12 of the Illinois Uniform Arbitration Act. 710 ILCS 5/12 (West 2006). Because the legislature was clear in intending to provide finality for disputes sent to arbitration, our review is extremely limited and we may vacate an award only under certain circumstances. *American Federation of State, County & Municipal Employees v. Department of Central Management Services*, 173 Ill. 2d 299, 304 (1996) (*AFSCME*); 710 ILCS 5/12(a) (West 2006). We will not overrule the arbitrator's decision simply if our interpretation differs. We must affirm the award if the arbitrator has acted within the scope of his or her authority and granted an award that draws its essence from the agreement between the parties. *AFSCME*, 173 Ill. 2d at 304-05.

### B. Untying the Gordian Knot

This case is simply a question of contract interpretation - whether the arbitrator correctly interpreted the Agreement or exceeded his authority. While a dry exercise, put in the interesting metaphorical terms used by the arbitrator and the trial court, the question could be phrased as to

whether the arbitrator was Alexander the Great breaking the Gordian knot under the powers of the Agreement, or if he was King Solomon crafting a penalty out of whole cloth. As the trial court also noted, and the extensive opinion and award of the arbitrator evidence, this is a difficult case, but we agree with the trial court that the arbitrator was more Alexander than Solomon.

Plaintiff concedes that it violated the Agreement as determined by the arbitrator and that review of an arbitrator's award is narrow. However, it argues that it is clear that the arbitrator exceeded his authority and the award must therefore be vacated. 710 ILCS 5/12(a) (West 2006). Plaintiff maintains that Illinois case law clearly holds that a noncompensatory, punitive damages award, which is not expressly provided for in a collective bargaining agreement, must be vacated as a remedy exceeding the authority of the arbitrator. *City of Chicago v. Water Pipe Extension*, 302 Ill. App. 3d 940, 946 (1999); *City of Chicago v. American Federation of State, County & Municipal Employees, Council 31*, 283 Ill. App. 3d 446, 451 (1996) (*AFSCME, Council 31*); *Edward Electric Co. v. Automation, Inc.*, 229 Ill. App. 3d 89, 105 (1992).

In determining whether an award is punitive, we begin by examining the plain language of the arbitrator's opinion and award. *AFSCME, Council 31*, 283 Ill. App. 3d at 451 (1996). The language of the arbitrator is not determinative, but helpful in ascertaining if the award was intended to punish or deter. *Water Pipe Extension*, 302 Ill. App. 3d at 947. Plaintiff notes that courts have also considered the issue of whether the award exceeds monetary loss as part of this calculus. *Water Pipe Extension*, 302 Ill. App. 3d at 947-48.

In *Water Pipe Extension*, this court reversed an award of double-time pay for violation of a contractual notice requirement for shift changes while it was undisputed that the contract only

provided for time and one-half pay. *Water Pipe Extension*, 302 Ill. App. 3d at 948. Following *AFSCME, Council 31*, the court examined the language of the award. The arbitrator noted that he could not impose punitive damages in his award and also cited a prior decision of the arbitrator that awarded a double-time remedy as the best way to handle future violations and " 'getting the message through' " that willful violations would result in double-time pay. *Water Pipe Extension*, 302 Ill. App. 3d at 947. Accordingly, the court vacated the award because it clearly exceeded the terms of the collective bargaining agreement and the record showed that the arbitrator granted the award as a means of deterring or punishing the plaintiff's violation of the notice requirements. *Water Pipe Extension*, 302 Ill. App. 3d at 949.

Plaintiff argues that the supplemental award must be vacated under *AFSCME* and *Water Pipe Extension*. Plaintiff cites to the language the arbitrator used throughout both the original and supplemental opinion and award. Specifically, plaintiff points to the arbitrator's use of the word "penalty" throughout, and also his classification of the award and authorizing sections as: "specific penalty"; "specific penalty compensation"; "specific penalty pay provisions"; "monetary penalties"; "penalty compensation"; or "penalty time and one-half compensation." Plaintiff concludes that the use of these words can only lead to the conclusion that the award is punitive. Plaintiff discounts the language that defendant highlights, the arbitrator's use of "remedy," "compensation," and "monetary remedy," arguing these terms shed no light on the intent of the award.

Plaintiff asserts that the award did not compensate for any monetary loss and, even if there were monetary loss, there is the lack of any express remedy provision in section 23.8.

Plaintiff argues that the parties' inclusion of a remedy in sections 23.9 and 23.11 solidifies this argument under the long-held maxim that the mention of one thing implies the exclusion of another by its silence. Because of this, plaintiff argues that the award does not "draw its essence" from the Agreement. *AFSCME*, 173 Ill. 2d at 305. Together with the lack of any evidence that the grievants suffered lost wages, benefits, increases in costs or lost opportunities due to the transfers, plaintiff maintains the supplemental award must be vacated.

Defendant responds that the plain language of the arbitrator's award and supplemental award support the conclusion reached by the trial court - that the arbitrator was not legislating a punitive award, but attempted to provide a remedial award. As noted above, defendant points to the arbitrator's use of not only "remedy," "compensation," and "monetary remedy," but also "compensation" and "equitable remedy" in describing the award. Defendant asserts that the arbitrator's use of "penalty" simply was picking up on plaintiff's arguments. Defendant points to this court's decision in *Board of Education of Community High School District No. 155 v. Illinois Educational Labor Relations Board*, 247 Ill. App. 3d 337 (1993), to argue that this verbiage clearly indicates the arbitrator intended the award as a remedial measure and not punitive. The *Board of Education* court considered the arbitrator's statement that " ' the Grievant is entitled to a monetary award to *remedy* the damage done to his professional integrity and standing which resulted from the [District's] action' and then 'direct[ed] the [District] to *compensate* the Grievant.' (Emphasis added.)" *Board of Education*, 247 Ill. App. 3d at 348. The court determined that, from these words of the arbitrator, it was readily apparent that the focus was on remedy and compensation and not on punishment. *Board of Education*, 247 Ill. App. 3d

No. 1-09-1218

at 348.

We agree with the trial court that, as with all contract interpretation regarding silence, this case presents a difficult question. Both parties have cited to the language used by the arbitrator in support of their argument; accordingly, the specific verbiage cannot be considered determinative. We agree with defendant that the arbitrator's reasoning overcomes the use of any certain terminology and indicates the desire to formulate a remedy and not a penalty. Unlike *Water Pipe Extension*, there is no clear pay scheme that has been violated or any language clearly indicating that the arbitrator intended to penalize or deter future action.

Under section 9.7 of the Agreement, the arbitrator is charged with interpreting the terms of the Agreement in resolving disputes. The arbitrator is specifically barred from amending, modifying, nullifying, disregarding, adding to, or subtracting from the provisions. Section 23.8 does not specifically provide the time and one-half remedy, but it also does not specifically provide no remedy for a violation. The arbitrator carefully reviewed the Agreement for any command to the contrary and could not find one. Sections 23.9 and 23.11 provide the time and one-half remedy for similar types of violations and do not specifically limit the remedy to those specific sections. In fact, section 23.11 provides this remedy is proper for details "in any manner contrary to the provisions of this Agreement."

Accordingly, we agree that the arbitrator did not act as King Solomon and craft the award out of whole cloth. Rather, the arbitrator ostensibly labored over the terms of the Agreement and the actions of the parties and untied the Gordian knot with bold and fair strokes of his pen. The Agreement does not provide specific limitations and, unlike the penalty cases cited by plaintiff, a

11

remedy was not created out of whole cloth or above and beyond that negotiated by the parties. The arbitrator's reading of the Agreement is fair and supported and, given the extremely narrow review we conduct, certainly must be affirmed.

## III. CONCLUSION

Accordingly, for the aforementioned reasons, the decision of the trial court is affirmed.

Affirmed.

STEELE and COLEMAN, JJ., concur.

No. 1-09-1218

| | |
|---|---|
| Please Use Following Form:<br><br>Complete TITLE of Case | CITY OF CHICAGO,<br><br>                           Petitioner-Appellant,<br><br>     v.<br><br>FRATERNAL ORDER OF POLICE, LODGE NO. 7,<br><br>                           Respondent-Appellee. |
| Docket No. | |

| | |
|---|---|
| COURT<br><br>Opinion Filed<br><br>JUSTICES | No. 1-09-1218<br><br>Appellate Court of Illinois<br>First District, FOURTH Division<br><br>March 24, 2010<br>(Give month, day and year) |

PRESIDING JUSTICE MURPHY delivered the opinion of the court:

Steele and Coleman, JJ.,                  concur [s]

                                     dissent[s]

APPEAL from the Circuit Ct. of Cook Cty;

The Hon. _____, Judge Presiding.

Lower Court and Trial Judge(s) in form indicated in the margin:

Honorable      Peter Flynn     , Judge Presiding.

For APPELLANTS, John Doe, of Chicago.

For APPELLEES, Smith and Smith of Chicago, Joseph Brown, (of Counsel)

Also add attorneys for third-party appellants or appellees.

Indicate if attorney represents APPELLANTS or APPELLEES and include attorneys of counsel. Indicate the word NONE if not represented.

Attorneys for Appellant:    Mara S. Georges, Corporation Counsel of the City of Chicago
Benna Ruth Solomon, Deputy Corporation Counsel
Myriam Zreczny Kasper, Chief Asst. Corporation Counsel
Suzanne M. Loose, Asst. Corporation Counsel
30 N. La Salle Street, Suite 800
Chicago, IL 60602
Phone: (312) 744-8519

Attorneys for Appellee:    Thomas J. Pleines
Fraternal Order of Police, Lodge No. 7
1412 W. Washington Boulevard
Chicago, IL 60607
Phone: (312) 733-777696