2020 IL App (1st) 192631-U
Order filed: August 7, 2020

FIRST DISTRICT
FIFTH DIVISION

No. 1-19-2631

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT
_____

| | | |
|---|---|---|
| JEFFREY L. FORGASH, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 2018 L 6073 |
| | ) | |
| LESAINT LOGISTICS, LLC, | ) | Honorable |
| | ) | Michael F. Otto, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE ROCHFORD delivered the judgment of the court.
Presiding Justice Hoffman and Justice Delort concurred in the judgment.

**ORDER**

¶ 1    *Held*: Plaintiff brought an action for breach of contract against defendant to recover commissions allegedly owed to him under a sales agent agreement. The circuit court entered partial summary judgment for plaintiff in the amount of $6,378.85, finding he was owed that much in additional commissions. The court granted partial summary judgment in favor of defendant on plaintiff's remaining claims for other commissions allegedly owed to him under the agreement. We affirmed, finding that the court correctly interpreted the agreement.

¶ 2    Plaintiff, Jeffrey L. Forgash, filed a complaint for breach of contract against defendant, Lesaint Logistics, LLC, to recover commissions allegedly owed to him for bringing in business for defendant pursuant to a sales agent agreement. Both parties filed cross-motions for summary

judgment. The circuit court entered partial summary judgment for plaintiff, finding that he was owed $6,378.85 in additional commissions. The court granted partial summary judgment in favor of defendant on plaintiff's remaining claims for additional commissions. On appeal, plaintiff contends he was entitled to further commissions under the sales agent agreement. We affirm[1].

¶ 3    Defendant is a limited liability company that provides transportation and warehousing services. On April 7, 2005, plaintiff entered into a written sales agent agreement with defendant, pursuant to which plaintiff agreed to solicit customers (accounts) for defendant and to negotiate contracts between defendant and those accounts. Defendant agreed to pay plaintiff commissions for "all business brought" to it.

¶ 4    Plaintiff brought the following accounts to defendant: Broan-Nu Tone (Broan), Life Fitness, Crane USA (Crane), and Blueair.

¶ 5    Defendant signed a contract with Broan on August 12, 2011, with a three-year term. An addendum to the contract extended the term to July 1, 2017.

¶ 6    Defendant signed a contract with Life Fitness in June 2014 with a three-year term ending in December 2017.

¶ 7    Defendant signed a contract with Blueair on June 30, 2014, with a three-year term ending on June 30, 2017.

¶ 8    Defendant signed a contract with Crane on June 16, 2014, which did not have a singular end-date. Instead, it provided for a three-year term followed by automatic one-year renewals.

---

[1] In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order stating with specificity why no substantial question is presented.

¶ 9    Pursuant to the sales agent agreement, defendant paid plaintiff monthly commissions for each of the Broan, Life Fitness, Blueair, and Crane accounts.

¶ 10    On March 17, 2017, defendant notified plaintiff that it was terminating the sales agent agreement effective April 17, 2017. Paragraph 10 of the sales agent agreement, which identified plaintiff as "Agent" and defendant as "Company," required defendant to make post-termination commission payments to plaintiff, stating:

> "Following the termination of this Agreement by either party, Agent shall be entitled to be paid commissions by Company for a period not to exceed twelve (12) months or for the length of the contract term of Agents [*sic*] accounts, whichever is longer."

¶ 11    Defendant paid plaintiff post-termination commissions on each of the Broan, Life Fitness, Blueair, and Crane accounts for 12 months through April 17, 2018.

¶ 12    Meanwhile, following plaintiff's termination, defendant entered into addendums to its contracts with Broan, Life Fitness, Blueair and Crane. The addendum to the Broan contract extended its term to July 1, 2019, and amended its inbound and outbound handling fees and storage fees. The addendum to the Life Fitness contract extended its term to September 30, 2020, and amended the monthly space related fee as well as the inbound function, order processing, and order fulfillment fees. The addendum to the Blueair contract extended its term to August 31, 2020, made a change to its rate schedule for its Romeoville location, and obligated Blueair to obtain pre-approval for certain additional labor costs. The addendum to the Crane contract extended its term to June 2021, modified the transactional pricing structure governing their business relationship, altered the square footage agreement between the parties, and modified defendant's legal liability to Crane.

¶ 13    On November 29, 2018, plaintiff filed an amended complaint for breach of contract against defendant. Plaintiff alleged that he was entitled to more than 12 months of post-termination commissions because the addendums to the contracts between defendant and Broan, Life Fitness, Crane, and Blueair extended the period of time for which they were in effect for *longer* than 12 months after his termination. Plaintiff contended that pursuant to paragraph 10 of the sales agent agreement he was entitled to be paid monthly commissions for the duration of each of those amended contracts. Plaintiff subsequently filed a motion for summary judgment on his amended complaint.

¶ 14    Defendant filed a cross-motion for summary judgment, arguing that under paragraph 10 of the sales agent agreement, it was required to identify, *as of the date of plaintiff's termination on April 17, 2017*, the remaining length (term) of its existing contracts with Broan, Life Fitness, Blueair and Crane and to pay plaintiff commissions for the duration of that term or 12 months, whichever was longer. According to defendant, as of the date of plaintiff's termination, approximately 2.5 months remained on its contract with Broan, 8.5 months remained on its contract with Life Fitness, 2.5 months remained on its contract with Blueair, and 1.5 months remained on its contract with Crane. Since the remaining term of each of the contracts was shorter than 12 months, defendant paid plaintiff monthly commissions on each account for 12 months after his termination. Defendant argued that by doing so, it complied with the sales agent agreement and therefore summary judgment should be granted in its favor.

¶ 15    Defendant further argued that the post-termination addendums to the contracts which it had signed with Broan, Life Fitness, Blueair and Crane created completely new contracts for which plaintiff had performed no work and for which he was owed no commissions under the sales agent agreement.

¶ 16    The circuit court found that pursuant to the clear and unambiguous language of paragraph 10 of the sales agent agreement, defendant must pay plaintiff monthly commissions for the remaining term of each of its contracts with Broan, Life Fitness, Blueair and Crane in existence at the time of his termination, or 12 months, whichever was longer. The court determined that the remaining term of each of defendant's contracts with the Broan, Life Fitness, and Blueair accounts as of the time of plaintiff's termination was less than 12 months, and therefore that defendant was required to pay plaintiff commissions on those accounts for 12 months post-termination, which it did. Accordingly, the court granted summary judgment in favor of defendant with respect to plaintiff's claims for further commission payments as to the Broan, Life Fitness, and Blue Air accounts.

¶ 17    As to the Crane account, the circuit court found that as of the date of plaintiff's termination on April 17, 2017, the automatic renewal provision of defendant's contract with Crane extended its term until June 15, 2018. As defendant had only paid plaintiff monthly commissions through April 17, 2018, it owed plaintiff another two months of commission payments, which amounted to $6,378.85. The circuit court entered summary judgment in favor of plaintiff in that amount.

¶ 18    Summary judgment is proper where the pleadings, depositions, admissions and affidavits on file, viewed in the light most favorable to the nonmovant, show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2016); *City of Chicago v. Fraternal Order of Police, Lodge No. 7*, 399 Ill. App. 3d 707, 711 (2010). Where, as here, the parties file cross-motions for summary judgment, they mutually agree that there are no genuine issues of material fact and that only a question of law is involved. *Safety-Kleen Systems, Inc. v. Department of Revenue*, 2020 IL App (1st) 191078, ¶ 21.

We review an order granting summary judgment *de novo*. *Wolinsky v. Kadison*, 2013 IL App (1st) 111186, ¶ 48.

¶ 19     In construing the provisions of a contract, our primary objective is to give effect to the intent of the parties at the time they entered into the contract. *Owens v. McDermott, Will & Emery*, 316 Ill. App. 3d 340, 344 (2000). Where the contractual language is clear and unambiguous, we determine the intent of the parties solely from the plain language of the contract, given its ordinary and natural meaning, and we do not consider extrinsic evidence outside the four corners of the contract. *Id.* A dictionary can be used to ascertain the ordinary and natural meaning of words. *Founders Insurance Co. v. Munoz*, 237 Ill. 2d 424, 436 (2010). The interpretation of a contract is a matter of law that is reviewed *de novo*. *Avery v. State Farm Mutual Automobile Insurance Co.*, 216 Ill. 2d 100, 129 (2005).

¶ 20     At issue here is the parties' intent in the tenth paragraph of the sales agent agreement, which provides that defendant is to make post-termination commission payments for 12 months or the "length of the contract term of Agents [*sic*] accounts, whichever is longer." The parties agree that plaintiff is the agent referenced in the agreement, and that his accounts (which he brought to defendant and for which he negotiated their initial contracts) are Broan, Life Fitness, Crane, and Blueair. The dispute centers on how to measure the remaining term of defendant's contract with each of plaintiff's accounts for the purposes of determining the amount of post-termination commission payments owed to him.

¶ 21     Defendant contends that the circuit court was correct in finding that the remaining term of its contract with each of plaintiff's accounts must be measured as of the date of his termination. The court found that when so measured, the remaining term of each of defendant's contracts with Broan, Life Fitness, and Blue Air was less than 12 months, and therefore that defendant was only

required to make post-termination commission payments on those accounts for a period not to exceed 12 months, which it did. Defendant asks us to affirm the court's judgment.

¶ 22     As to the Crane account, defendant concedes on appeal that the circuit court was correct in rejecting its argument that it only owed plaintiff post-termination commission payments for 12 months. Defendant now argues that the circuit court was correct in finding that the remaining term of its contract with Crane as of the date of plaintiff's termination was 14 months, and it asks us to affirm the court's finding that it was required to make two additional monthly commission payments on the Crane account in the total amount of $6,378.85 because it had only paid plaintiff for 12 months.

¶ 23     Defendant contends that the post-termination modification of its contracts with Broan, Life Fitness, Blueair, and Crane created new contracts which were not referenced in the sales agent agreement and which cannot be considered when determining the amount of commissions owed plaintiff.

¶ 24     Plaintiff argues that the post-termination addendums and modifications of defendant's contracts with Broan, Life Fitness, Blueair and Crane extended the term of each existing contract for longer than 12 months but did not create any new contracts falling outside the sales agent agreement. Plaintiff contends that pursuant to paragraph 10 of the sales agent agreement, defendant was required to pay him monthly commissions for the duration of each of its modified contracts.

¶ 25     We have held that "a contract modified by the parties creates a '*new* single contract consisting of so many of the terms of the prior contract as the parties have not agreed to change, in addition to the new terms on which they have agreed.'" (Emphasis added.) *Joyce v. DLA Piper Rudnick Gray Cary LLP*, 382 Ill. App. 3d 632, 637 (2008) (quoting *Schwinder v. Austin Bank of Chicago*, 348 Ill. App. 3d 461, 469 (2004)). See also *Nebel, Inc. v. Mid-City National Bank of*

*Chicago*, 329 Ill. App. 3d 957, 967 (2002) (a new contract is formed where "the contractual modifications were significant enough to change the parties' obligations under the particular contract"). In the present case, the post-termination addendums and modifications to the contracts between defendant and Broan, Life Fitness, Blueair and Croan, as described earlier in this order, were significant enough to change the parties' obligations and had the effect of creating new contracts between the parties.

¶ 26    The sales agent agreement does not require defendant to make commission payments to plaintiff for any such *new*, modified contracts entered into after his termination. Instead, under the clear and unambiguous language of paragraph 10 of the sales agent agreement, defendant is only required to pay plaintiff post-termination commission payments for 12 months or for the remaining length of "*the* contract term of Agents [*sic*] accounts, whichever is longer." (Emphasis added.) Dictionary.com defines "the" as a definite article "used, especially before a noun, with a specifying or particularizing effect, as opposed to the indefinite or generalizing force of the indefinite article *a* or *an*." https://www.dictionary.com/browse/the#. Merriam-Webster.com defines "the" as "used as a function word to indicate that a following noun or noun equivalent is definite or has been previously specified by context or by circumstance." https://www.merriam-webster.com/dictionary/the. In context, the sales agent agreement's use of the definite article "the" when modifying the phrase "contract term of Agents accounts" indicates that it was referencing the remaining term of each of the specific, *existing* contracts between defendant and Broan, Life Fitness, Blueair and Crane at the time of plaintiff's termination, *not* the term of any indefinite, new contracts that may be entered into following his termination. Therefore, the circuit court was correct in finding that defendant must pay plaintiff commissions for the remaining term of each of its contracts with Broan, Life Fitness, Blueair and Crane that were in existence at the time of his

termination, or 12 months, whichever was longer and that it was not required to pay commissions for the new, modified contracts entered into post-termination.

¶ 27  The parties do not dispute the circuit court's finding that at the time of plaintiff's termination, the remaining term of each of defendant's existing, unmodified contracts with Broan, Life Fitness, and Blueair was less than 12 months, meaning that defendant was only required to pay plaintiff commissions on those accounts for 12 months post-termination, which it did.

¶ 28  The parties also do not dispute the circuit court's finding that at the time of plaintiff's termination, the remaining term of defendant's existing, unmodified contract with Crane extended for 14 months, until June 15, 2018. As defendant had only made post-termination commission payments to plaintiff for 12 months, it owed plaintiff two additional months of commission payments on that account in the amount of $6,378.85.

¶ 29  Accordingly, we affirm the circuit court's order granting summary judgment for defendant on plaintiff's claim of breach of contract with respect to post-termination commission payments allegedly owed to him on the Broan, Life Fitness, and Blueair accounts. We also affirm the circuit court's order granting summary judgment for plaintiff and entering judgment for him in the amount of $6,378.85 on his claim of breach of contract with respect to post-termination commission payments allegedly owed to him on the Crane account.

¶ 30  Affirmed.